UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LORENE M. CARR, )<br>)<br>        Plaintiff   ) <br>) <br>  vs.                        ) <br>) <br>UNITED STATES OF AMERICA, )<br>) <br>        Defendant  ) | CAUSE NO. 1:07-CV-172 RM |

## OPINION and ORDER

Lorene Carr filed her complaint against Carolyn Dennis, a supervisor with the United States Postal Service in Fort Wayne, Indiana, in the Small Claims Division of the Allen Superior Court. The complaint was timely removed to this court and the United States of America substituted as the defendant. This cause is now before the court on the motion of United States to dismiss Ms. Carr's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service, Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Ms. Carr was advised of her obligation to

respond, but she hasn't filed a response and the time for doing so has passed. For the following reasons, the court grants the government's motion.

The government says first that Ms. Carr didn't properly serve her complaint as required by 39 U.S.C. § 409(b) and Federal Rule of Civil Procedure 4(i). Ms. Carr hasn't refuted the government's claim or come forward with any evidence to show that she did comply with proper service requirements. Affording Ms. Carr additional time to cure the service deficiency would be futile based on the government's argument that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), which authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act: a federal court must assure itself that it possesses jurisdiction over the subject matter of a case before it can proceed to take any action on the merits of the action. *See* Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998).

The government says Ms. Carr didn't exhaust her administrative remedies by filing a claim under the Federal Tort Claims Act. 28 U.S.C. § 2675(a) provides that a claimant may not file suit seeking monetary damages against the United States or a government employee unless the claimant first files a claim with the appropriate federal agency and allows the agency to dispose of the claim. Ms. Carr hasn't offered proof that she pursued her claim through appropriate administrative channels. The party asserting jurisdiction, here Ms. Carr, bears the

2

burden of demonstrating subject matter jurisdiction by competent proof, but she hasn't done so. *See* Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999). Therefore, dismissal is proper under Rule 12(b)(1), and the court need not address the government's further argument for dismissal under Rule 12(b)(6).

Based on the foregoing, the motion of the United States to dismiss the plaintiff's complaint [docket # 10] is GRANTED, and the clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:   September 20, 2007

    /s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court